IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ATINUS WORKS, LLC,** | * | |
| | * | |
| Plaintiff | * | |
| | * | Civ. No.: MJM-24-614 |
| v. | * | |
| | * | |
| **GREENCLEAN, INC.,** | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \*

**MEMORANDUM ORDER**

Currently pending are plaintiff Atinus Works, LLC's ("Plaintiff") Motion for Default Judgment (ECF No. 16) and defendant Greenclean, Inc.'s ("Defendant") Motion to Vacate Order of Default (ECF No. 27). The motions are fully briefed. No hearing is necessary to resolve them. Loc. R. 105.6 (D. Md. 2023). As explained below, Defendant's motion shall be granted, and Plaintiff's motion shall be denied.

Plaintiff filed an Amended Complaint against Defendant, asserting claims for breach of contract and unjust enrichment based on allegations that Defendant failed to make payments owed to Plaintiff pursuant to a subcontract for services to the Court Services and Offender Supervision Agency. ECF No. 7. Defendant was served process but did not file a timely response. Upon Plaintiff's motion, ECF No. 12, the Clerk entered an Order of Default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, ECF No. 13. Plaintiff then filed a Motion for Default Judgment pursuant to Rule 55(b) and served the motion on Defendant. ECF No. 16. Defendant did not file a timely response. This Court scheduled an evidentiary hearing on Plaintiff's motion for December 18, 2024. On that date, Defendant's counsel entered a notice of appearance, ECF No.

22, and participated in the hearing. After the hearing, the Court set a schedule for further briefing on Plaintiff's motion and for Defendant's motion to vacate the default. ECF No. 24. In accordance with the briefing schedule, Defendant filed a response in opposition to Plaintiff's motion, ECF No. 26, and filed a Motion to Vacate Order of Default pursuant to Rule 55(c), ECF No. 27. Plaintiff filed a response in opposition to Defendant's motion to vacate, ECF No. 30, and reply in support of its default judgment motion, ECF No. 31. Finally, Defendant filed a reply in support of its motion to vacate. ECF No. 32. The motions are ripe for disposition.

"The court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). "When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (quoting *Payne ex rel. Est. of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006)). Whether to vacate an entry of default is committed to the court's discretion. *Id.* at 418.

The U.S. Court of Appeals for the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Id.* at 417 (citations omitted). Therefore, Rule 55(c) motions must be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969). "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Id.*

The first three *Payne* factors favor denying Defendant's motion to vacate.

First, Defendant fails to proffer a meritorious defense. "A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988). This factor addresses the concern that the result of a default may be contrary to the outcome of a full trial on the merits. *Id.* Here, Defendant avers that it owes any payment to Plaintiff under the subcontract, asserts that Plaintiff interfered with Defendant's other contracts, and contends that, even if it owes money to Plaintiff, the required jurisdictional amount exceeding $75,000 is not in controversy. ECF No. 27 at 3–4; ECF No. 27-1. Defendant presents no factual or documentary support any of these conclusions. While it is certainly possible that Defendant will prevail at a trial on the merits, it presently fails to proffer evidence that would permit such an outcome. Accordingly, this factor favors denying Defendant's motion.

Second, Defendant failed to act with reasonable promptness. Defendant does not deny that it was properly served process in April 2024, *see* ECF No. 11, and never attempted to file a timely response to the Complaint. Defendant took no action in response to this suit until after the Clerk entered the default. Upon entry of the default, ECF No. 13, the Clerk issued a notice to Defendant stating that it had 30 days to file a motion to vacate, ECF No. 14. An agent of Defendant attempted to file a timely motion to vacate by correspondence to the Court, but he did so improperly, without legal representation for Defendant. *See* ECF No. 15. The Court rejected this filing and returned it to Defendant. *Id.* Thereafter, on June 17, 2024, Plaintiff served its Motion for Default Judgment on Defendant. ECF No. 16-4. Defendant did not file a timely response to the motion and did not take any further action for several months. It was not until after the Court scheduled an evidentiary hearing on Plaintiff's motion that Defendant obtained counsel and appeared to defend against this litigation. On this record, the Court cannot find that Defendant acted with reasonable promptness.

Defendant contends that it hired counsel as soon as it was able, ECF No. 27 at 4–5, but it offers no facts or evidence regarding its inability to hire counsel at an earlier point in time. This factor weighs in favor of denying Defendant's motion.

Third, Defendant's agents appear to be personally responsible for the default and for their delayed response to this suit. Defendant did not obtain counsel to represent it in this case until more than seven months after its response to the Complaint was due. Even if Defendant was not aware that it was required to obtain counsel at the outset of this litigation, the Court specifically notified Defendant of this requirement on June 7, 2024, when it rejected the *pro se* motion to vacate filed by Defendant's agent. *See* ECF No. 15. Defendant's personal responsibility for its delayed effort to defend against this suit favors denying its motion.

However, the latter three *Payne* factors weigh in favor of granting Defendant's motion to vacate. Plaintiff is not so prejudiced by Defendant's motion to justify denying it. Plaintiff argues that it is prejudiced by the delay in this litigation, ECF No. 30 at 7, but "delay in and of itself does not constitute prejudice to the opposing party[,]" *Colleton Preparatory Acad.*, 616 F.3d at 418. The Court recognizes that Defendant's default caused Plaintiff to expend attorney time and resources prosecuting its Motion for Default Judgment, *see* ECF No. 30 at 7, but the Court may address this prejudice through a less drastic sanction than default—an award for attorney's fees and costs, *see Mullinex v. John Crane Inc.*, 636 F. Supp. 3d 622, 628 (E.D. Va. 2022) ("[T]he Fourth Circuit considers the award of the non-movant's attorney's fees and costs to be a less drastic but effective sanction in the context of similar Rule 55(c) Motions.") (citing *Colleton Preparatory Acad.*, 616 F.3d at 418, and *Augusta Fiberglass Coatings*, 843 F.2d at 811). Finally, the Court does not find that Plaintiff has demonstrated a history of dilatory action by Defendant that would warrant the severe sanction of a default.

4

The balance of the *Payne* factors is evenly divided between those that favor granting Defendant's motion to vacate and those that favor denying it. But "[t]he law disfavors default judgments as a general matter," *Tazco, Inc. v. Director, Office of Workers Compensation Program, U.S. Dep't of Labor*, 895 F.2d 949, 950 (4th Cir. 1990) (citing *Augusta Fiberglass Coatings*, 843 F.2d at 811), and law favors instead disposition of legal claims and defenses on the merits, *Colleton Preparatory Acad.*, 616 F.3d at 417. Thus, any doubts as to whether to vacate a default upon motion of the defaulting party "should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson*, 411 F.2d at 130. These principles tip the balance in favor of vacating the default in this case. In its discretion, the Court grants Defendant's motion to vacate.

Because a default is a prerequisite to a default judgment, Plaintiff's Motion for Default Judgment must be denied.

Accordingly, it is this ___13th___ day of February, 2025, by the United States District Court for the District of Maryland, hereby ORDERED that

1. Defendant's Motion to Vacate Order of Default (ECF No. 27) is GRANTED;
2. Plaintiff's Motion for Default Judgment (ECF No. 16) is DENIED;
3. Plaintiff shall file no later than **March 6, 2025,** a petition for attorney's fees and costs associated with preparing and filing its Motion for Default Judgment, preparing for the evidentiary hearing on the motion, and participating in the hearing; and
4. Defendant shall file a response to the Complaint no later than **March 6, 2025.**

                                                   /S/
                                   Matthew J. Maddox
                                   United States District Judge